RILEY, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority in affirming the district court’s denial of a non-renewal hearing and its denial of compensatory and punitive damages. However, because I would affirm the entire judgment, including the award of nominal damages, equitable relief, and attorney fees, I respectfully dissent.
The majority concludes the District provided Gibson with ample opportunity to clear his name but Gibson squandered the opportunity by continuing the termination hearing and by failing to pursue a conclusion to his state court petition. I believe the majority draws its conclusion without factual support and without finding clear error below.
The majority rejects what can be reasonably inferred from the facts: the District had no intention of giving Gibson the opportunity to tell his side of the story, and used available procedural means to effectuate its goal. Following the opening hearing round, the District tried to obtain a settlement and a release from Gibson. When that attempt failed, the District closed a critical portion of the public hearing. When Gibson resisted and filed a petition for writ of prohibition to keep the hearing open, the school board voted against renewing Gibson’s teaching contract, knowing Missouri law does not require non-renewal hearings for probationary teachers. Once the school year ended, the District advised Gibson’s attorney that the termination issue was moot and completion of the hearing was unnecessary.
The court below made no finding that Gibson failed to prosecute his petition for writ of prohibition. The district court found Gibson’s attorney dismissed the petition only after the District conveyed its unequivocal intention not to reconvene the hearing, and upon discovery that only a court with equitable powers could compel completion of the hearing. Under these circumstances, pursuing a ruling on the petition would have been futile. A writ would have prohibited the District from closing a future hearing. A writ would not have compelled the District to reconvene and complete the hearing.
The Supreme Court has declared “the right to procedural due process is ‘absolute’ in the sense that it does not depend upon the merits of a claimant’s substantive assertions, and because of the importance *775 to organized society that procedural due process be observed [and] ... the denial of procedural due process [is] actionable for nominal damages without proof of actual injury.” Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (citations omitted). Our court has construed the holding in Carey to “entitle a plaintiff to nominal damages for a failure to hold a due process hearing prior to termination even if the charges were true.” Hogue v. Clinton, 791 F.2d 1318, 1322 (8th Cir.1986). Denial of procedural due process also entitles a plaintiff to attorney fees. Id. at 1323. By depriving Gibson of the opportunity to openly challenge and refute the charges leveled against him, the District violated Gibson’s right to procedural due process, thereby entitling Gibson to recover nominal damages and attorney fees, even if the stigmatizing charges were true and Gibson proved no actual injury. See Pollock v. Baxter Manor Nursing Home, 716 F.2d 545, 646-47 (8th Cir.1983).
The district court also granted Gibson a name-clearing hearing. The Supreme Court recognizes a delayed Roth hearing as a remedy for a denial of due process based on the loss of a protected liberty interest. Codd v. Velger, 429 U.S. 624, 625 n. 1, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam) (“Respondent’s amended complaint did not seek a delayed Roth hearing to be conducted by his former employer at which he would have the opportunity to refute the charge in question.”) (citing Bd. of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). In his original pro se complaint, Gibson specifically asked for a “Due Process Hearing.” A claimant’s right to a name-clearing hearing “does not depend on a demonstration of certain success.” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 544, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); see also Carey, 435 U.S. at 266, 98 S.Ct. 1042 (ultimate outcome of hearing is irrelevant); Pollock, 716 F.2d at 546-47. While I doubt the District’s procedural due process violation can be cured at this late stage, the district court did not abuse its discretion in granting equitable relief.
“A [party] who has been denied an opportunity to be heard in his defense has lost something indispensable.” Snyder v. Massachusetts, 291 U.S. 97, 116, 54 S.Ct. 330, 78 L.Ed. 674 (1934). Due process demands more than an uncompleted, one-sided hearing. Due process requires “the opportunity to be heard ‘at a meaningful time and in a meaningful manner.’ ” Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). The District deprived Gibson of the opportunity to respond to and refute the charges leveled against him, and otherwise clear his name. Gibson is entitled to a fair and completed hearing.
Because the right to procedural due process is absolute and actionable without proof of actual injury, I would affirm the district court in its entirety.